IN THE
TEXAS COURT OF CRIMINAL APPEALS

1325-15

ORIGINAL

SIMEON DESHON STATEN
PETITIONER

US.

The STATE OF TEXAS
RESPONDENT

NO. 14-13-010-41CB

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 08 2015

Abel Acosta, Clerk

PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

OCT 08 2015

Abel Acosta, Clerk

PRO SE PETITION

SIMEON DESHON STATEN
T.D.C.J. NO. 1889172

lindsey State Jail
1620 FM 3344
Jacksboro, TEX. 76458

PETITIONER REQUESTS ORAL ARGUMENT

## Identity of Judge, Parties, and Counsel

Trial Judge

Honorable Ruben Guerrero
174th District Court
Harris County, Texas

Prosecutors for State at Trial.

Stuart Ladner
Gretchen Flader
Assistant District Attorneys
Harris County District Attorney's Office
1201 Franklin, Suite 600
Houston, Texas 77002

Defense Counsel at Trial

Charles Thompson
4119 Montrose, Suite 200
Houston, Texas 77006

Appellant Counsel

Brenda Doucette
2303 Collingsfield
Sugar Land, Texas 77478

Appellant

Simeon Deshon Staten

2

# Table of Contents

Index of Authorities _____ 4,5.

Identity of Judge, Parties, and Counsel _____ 2

Statement Regarding Oral Argument _____ 6

Statement of the Case _____ 6

Statement of Procedural History _____ 6

Grounds for Review _____ 7

Argument and Authorities _____ 8

Prayer for Relief _____ 14

Certificate of Service _____ 15

# INDEX OF AUTHORITIES

CASES

JACKSON v VIRGINIA 443 US 307, 319 ............................... 8,9, 99 S.CT. 2786 61 L.Ed 2d. 560 (1979)

WINSH 397 US 358, 90 S.CT. 1068 25 L.Ed. ............................... 9, 2d 368 (1970)

CLEWIS 876 SW2d At 413-44 McGARRY ............................... 9, CJ CONCURRING

STONE 823 SW2d At 379 ............................... 9

GRIFFIN v STATE 614 S.W2d 155,159 ............................... 9, (TEX. CRIM. APP. 1981)

KING v STATE 29 SW3d 556,563 ............................... 9, (TEX. CRIM. APP. 2000)

SWEARINGEN v STATE 101 SW3d 89,95 ............................... 9, (TEX. CRIM APP. 2003)

FISHER v STATE 851 SW2d 298,302 ............................... 9, (TEX. CRIM APP 1992)

NARVAIZ v STATE 840 SW2d 415, 423 1992 ............................... 9,

BROOKS v STATE 323 SW3d 893,899 ............................... 9, (TEX. CRIM. APP. 2010)

GOLD v STATE 736 SW2d 685, 689 ............................... 9 (TEX. CRIM. APP. 1987)

TORRES v STATE 785 SW2d 824, 845 ............................... 9,10 (TEX. CRIM. APP. 1989)

WRIGHT v STATE 603 SW2d 838, 840 ............................... 10 (TEX. CRIM. APP. 1980)

FLORES v STATE 489 SW2d 901 ............................... 10 (TEX. CRIM. APP. 1973) LEXIS 2704.

KINKLE v STATE 474 SW2d 704 (TEX. APP. 1972) ............................... 10

CULMORE v STATE 447 SW2d 915 (TEX. CR. APP. 1969) ............................... 10

BROCK v STATE 162 TEX CRIM. 339 285 S.W2d 745 ............................... 10 (TEX. CR. APP. 1956)

POINDEXTER v STATE 153 SW3d. 402, 405 (TEX. CRIM APP. 2005) ............................... 10

EVANS v STATE 202 SW3d 158, 161 (TEX. CRIM. APP. 2006) ............................... 10,14

Kibble v STATE 340 SW3d 14,18 (TEX. APP. HOUSTON ............................... 10 (1st DIST) 2010, PET. REF'd

ROBERT v STATE 321 SW3d 545, 549 (TEX. APP. HOUSTON ............................... 10 (14th DIST) 2010 PET REF'd)

TRAVIS V STATE 638 SW2d 502 (TEX. CRIM. APP. 1982) _____ 11
lexis 1037

SINOR V STATE SUPRA _____ 11

Dubry V State supra _____ 11

Deshong V State supra _____ 11

Smith V State 514 SW2d 749 (TEX. CRIM. APP. 1974) lexis 1913 _____ 11

Allen V State SW3d 697 (TEX. APP. 2008) lexis 1709 _____ 12

Roberson V State 80 S.W.3d. 903 (TEX. APP.- Houston _____ 12
(1st Dist) 2002. PET REF'd)

Heltcel V State 583 SW2d 791, 792 (TEX. CRIM. APP. 1979) _____ 12

WIERSING V State 571 SW2d 188 (TEX. CRIM. APP. 1978) lexis 1299 _____ 13, 14

## Statutes

Habeas Corpus 17 Review 2A. 2b. 2C. 2d. _____ 8

28 USCS. 2254 _____ 8

Texas Health/Safety Code. ANN. 481. 112 (A) (d) _____ 10

Texas Health/Safety Code ANN. 480.002(38) _____ 16

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner believes oral argument would be helpful to the court because the issues raised are issues of first impression and the public policy behind resolution of these issues could be better discussed in the context of oral argument, where the court can ask question and consider alternatives that counsel are prepared to discuss.

## STATEMENT OF THE CASE

This case concerns a conviction for the offense of possession of a controlled substance with intent to deliver namely cocaine, weighing more than 4 grams and less than 200 grams by aggregate weight including adulterants and diluents. The issue concerns whether the evidence is legally insufficient for a rational juror to conclude beyond a reasonable doubt that he knowingly possessed cocaine. To support this assertion. That the evidence is legally insufficient to support the finding that he exercised control, management, of care over the cocaine. It also concerns the issue that the evidence is legally insufficient to support the finding that he had knowledge of the cocaine.

## STATEMENT OF PROCEDURAL HISTORY

(1) Date of appellant brief — october 20, 2014

(2) Date of state's appellant brief — November 25, 2014

(3) Date of memoradum opinion — September 10, 2015

6

# Grounds For Review

## Ground One    Circumstantial And Direct Evidence

A conviction on circumstantial evidence cannot be sustained if the circumstance prove do not exclude every other reasonable hypothesis except that of the guilt of the accused and proof amounting to only a strong suspicion or mere probability is insufficient. The evidence is legally insufficient to prove beyond a reasonable doubt that Mr. Staten knowingly possessed cocaine with intent to deliver because the state failed to prove that Mr. Staten knowingly possessed cocaine in a car that he did not own and that he knew that cocaine was in the car. The state must present evidence that appellant exercised control management, custody or care over the substance and knew that the matter possesses was cocaine. A criminal conviction must be supported by legally sufficient evidence that each element of the offense is proven beyond reasonable doubt. In a habeas corpus proceeding arising out of a claim that a person has been convicted in a state court upon insufficient evidence, a federal court, rather than restricting it's inquiry merely to whether there is any evidence to support the conviction must consider whether there is sufficient evidence to justify a rational trier of the facts to find guilt beyond a reasonable doubt and therefore challenge to a state court conviction in this case Mr. Staten was not in exclusive control of the car where the drugs were found. The baggy with cocaine sat in cup holder and it's proximity made it easily accessible to Mr. Staten and Mr. McLean. Although Mr. Staten had the keys to the car. Mr. Staten did not own the car and the car was not registered to Mr. Staten. Mr Brown testified it was his car and he let Mr. Staten have to keys to go and get a cigarette. He also testified that he was the person who drove to the club that night and forgot that he had left the cocaine in the car. He further testified that Mr. Staten did not know that he had left the cocaine in the car since Mr. Staten was not in exclusive possession of the car

The STATE is REQUIRED TO PROVE beyond A REASONABLE doubt THAT mR STATEN CONNECTION TO THE COCAINE WAS MORE THAN JUST FORTUITOUS. THAT THE EVIDENCE IS" INSUFFICIENT TO ESTABLISH THE defendant had Actual CARE, Custody AND CONTROL OF THE COCAINE.

GROUND TWO DEFENDANT APPEAL COUNSEL Cited TWO CASE TO SUPPORT his Position THAT THE EVIDENCE is INSUFFICIENT. SEE MEMORADUM OPINION PS. (9)

## ARGUMENT AND Authorities

A CRIMINAL CONVICTION MUST be SUPPORTED by legally SUFFICIENT EVIDENCE THAT EACH ELEMENT OF THE OFFENSE IS PROVEN beyond A REASONABLE doubt. JACKSON V VIRGINIA, 443 U.S. 307, 319, 99 S. CT. 2781, 61 L. Ed 2d. 560 (1979). IN A Habeas CORPUS 17. CRIMINAL CONVICTION, SUFFICIENCY OF EVIDENCE, STANDARD OF REVIEW. 2A, 2b, 2C, 2d. IN A Habeas CORPUS PROCEEDING ARISING FROM A Claim THAT A PERSON has beEN CONVICTED IN A State COURT UPON INSUFFICIENT EVIDENCE. A FEDERAL COURT MUST CONSIDER whether THERE IS SUFFICIENT EVIDENCE TO JUSTIFY A RATIONAL TRIER OF FACT TO FIND GUILT beyond A REASONABLE doubt. AND Should NOT RESTRICT its INQUIRY TO whether THERE IS ANY EVIDENCE TO SUPPORT THE CONVICTION. ACCORDINGLY, IN A Challenge TO A STATE COURT CONVICTION UNDER, 28 USCS, 2254 the APPLICANT is ENTITLED TO Habeas CORPUS RELIEF. ASSUMING Settled PROCEDURAL PREEQUISTES FOR Such A Claim, have otherwise beEN SATISFIED. if it IS FOUND THAT UPON THE RECORD EVIDENCE Adduced At TRIAL No RATIONAL TRIER OF FACT Could have Found PROOF OF Guilt beyond A REASONABLE doubt IN TERMS OF THE SUBSTANTIVE ELEMENTS OF THE CRIMINAL OFFENSE AS defined by State law. When AN APPELLAT COURT REVIEWS A SUFFICIENCY Challenge, the COURT determines whether AFTER VIEWING THE EVIDENCE IN the light MOST FAVORABLE TO the VERDICT, A RATIONAL FACT FINDER Could have Found THAT EACH ESSENTIAL ELEMENT OF the CHARGE OFFENSE WAS PROVEN beyond A REASONABLE doubt.

8

Acknowledging. Jackson v. Virginia, 443 U.S. 307, 318, 99 S. CT. 2781, 61 L. Ed. 2d. 560 (1979), that "State Appellate Review undoubtedly will serve in the vast majority of case to vindicate the due process protection that follows form (In re) Winship (397 U.S. 358, 90 S. CT. 1068 25 L. Ed. 2d. 368 (1970) the United State Supreme Court in Jackson set the standard for Reviewing the sufficiency of state convictions on federal writs of Habeas Corpus. Jackson 443. U.S. At 322 99 S. CT. At 2791, this standard constitutes the minimum standard for sustaining a conviction under the due process clause of the Fourteeth Amendment. Jackson 443 U.S. At 317-18 99 S.CT. At 2788. In no way does Jackson itself Reference state constitutional or statutory law Regarding appellate Review Although Texas courts have adopted the Jackson standard as the legal sufficiency standard in direct appeals we have Never type of Review. Clewis 876 S.W 2d At 413-44 McGarry CJ Concurring) Stone 823 SW2d At 379 as we explicitly Noted in Griffin v. State 614 S.W 2d. 155, 159 ( Tex. Crim. APP. 1981). State are free to set Higher standards of Review (than Jackson) see King v State 29 S.W 3d. 556, 563 ( Tex. Crim. APP. 2000). Under the Jackson v Virginia standard, if an appellate court determines that a Reasonable Fact Finder would Necessarily entertain Reasonable doubt about the appellant's guilt, due process Requires Reversal and a Judgment of Acquittal. Swearingen v State, 101 S.W 3d. 89, 95 ( Tex. Crim. APP. 2003). Fisher v State, 851, S.W2d 298 302 ( Tex. Crim. APP. 1992) quoting. Narvaiz v State 840 S.W 2d 415, 423 1992) The Jury is the sole Judge of the weight And credibility of the evidence At a criminal trial see. Brooks v State 323 S.W 2d 3d. 893, 899 ( Tex. Crim. APP. 2do) However, the Fact Finder may Not Find Facts Necessary to establishing an element of a criminal offense purely on the basis of its disbelief of the Accused's contrary Assertions. Gold v State, 736 S.W2d 685, 689 ( Tex. Crim. APP. 1987) overruled on other grounds. Torres v. State 785 S.W

2d. 824. 845 (TEX. CRim. APP. 1989) (Citing WRight v State, 603 S.W. 2d 838. 840 (TEX CR. APP. 1980) (OPINION ON APPELLANT's motion FOR Rehearing). To demonstrate Possession of Cocaine with INTENT To deliver, The STATE is Required To Show THAT (1) APPELLANT KNOWINGLY. (2) Possessed. (3) Cocaine; (4) IN AN Amount GREATER THAN Four grams but less THAN Two hundred grams (5) with INTENT To deliver The Cocaine. Tex Health / Safety Code ANN. 481.112 (A). (d). IN ORDER TO PROVE The UNLAWFUL Possession OF A Controlled SubsTance element of The Charged Offense, The STATE must PRESENT evidence THAT (1) APPELLANT exercised Control. MANAgement. Custody, OR CARE OVER The SubsTance AND (2) APPELLANT KNEW THAT The matter Possesses was Cocaine. 481.002 (38). Defendant urges THAT The evidence is INSUFFICIENT TO Establish The APPELLANT had Actual CARE, Custody AND Control of The Cocaine IN question. SEE. Flores v State 489 S.W. 2d. 901. (TEX. CRim. APP. 1973) lexis 2704. A Conviction ON CircumsTANTinl evidence CANNOT be SusTained IF The CircumsTANCE PROVE do Not exclude every other REASONABLE Hypothesis except that of the guilt of the Accused AND Proof Amounting. To ONLY A STRONG SUSPICION OR MERE PRObAbility is INSUFFicient kinkle v State 474 S.W 2d. 704 (TEX. APP. 1972) Culmore v State 447 S.W. 2d. 915 (TEX. CR. APP. 1969) AND brock v State. 162 TEX. CRim. 339. 285 S.W. 2d 745 (Tex. CR. APP. 1956). SEE POINDEXTER V STATE 153 S.W. 3d. 402 405 (TEX. CRim. APP. 2005). EVANS v State 202 S.W. 3d. 158 161 (Tex. Crim. APP. 2006).

SINCE APPELLANT WAS NOT IN exclusive Possession of the CAR the State was Also Required To Prove beyond A REASONAble doubt that APPELLANT's Connection To the Cocaine was more Than JusT ForTuiTous. SEE. POINDEXTER, 153 S.W. 3d At 406 AdditioNAL, INDEPENDENT FACTS AND Circumstance must link APP-ELLANT TO the Cocaine IN Such A WAY that it CAN REASONAbly be Concluded that APPELLANT had Knowledge of the Cocaine AND exercise Control OVER it. Kibble v State 340 SW3d 14. 18 (TEX. APP. Houston (1st Dist.) 2010, PET. REF'd) SEE Also Robert v. STATE. 321 S.W. 3d 545, 549. (TEX APP.-Houston (14th Dist) 2010 PET REF'd)

POSSESSION OF COCAINE. IN THIS CASE MR. STATEN WAS NOT IN EX-CLUSIVE CONTROL OF THE CAR WHERE THE DRUGS WERE FOUND THE BAGGY WITH COCAINE SAT IN THE CUP HOLDER AND ITS PROXIMITY MADE IT EASILY ACCESSIBLE TO MR. STATEN AND MR. McLEAN ALTHOUGH MR. STATEN HAD THE KEYS TO THE CAR MR. STATEN DID NOT OWN THE CAR AND THE CAR WAS NOT REGISTERED TO MR. STATEN MR. BROWN TESTIFIED THAT IT WAS HIS CAR AND HE LET MR. STATEN HAVE THE KEYS TO GO AND GET A CIGARETTE. THE EVIDENCE IN THIS CASE MERELY ESTABLISHES THAT MR. STATEN WAS IN THE CAR "BUT" DRIVEN AND OWNED BY MR. BROWN. BEYOND THAT, THERE IS NOTHING IN THE RECORD TO AFFIRMATIVELY LINK MR. STATEN TO THE COCAINE. SEE TRAVIS V STATE 638 S.W.2d. 502 (TEX. CRIM. APP. 1982) LEXIS 1037. WHETHER THE THEORY OF PROSECUTION IS OR JOINT PROSECUTION. THE EVIDENCE MUST AFFIRMATIVELY LINK THE ACCUSED TO THE CONTRABAND IN SUCH A MANNER AND TO SUCH AN EXTENT THAT A REASONABLE INFERENCE MAY ARISE THAT THE ACCUSED KNEW OF THE CONTRABAND EXISTENCE AND THAT HE EXERCISED CONTROL OVER IT. SINOR V STATE SUPRA. DUBRY V STATE SUPRA. THIS AFFIRMATIVE LINK IS ESTABLISHED BY SHOWING ADDITIONAL FACTS AND CIRCUMSTANCE WHICH INDICATE THE ACCUSED'S KNOWLEDGE AND CONTROL OF THE CONTRABAND. DESHONG V STATE SUPRA, SINOR V STATE. SUPRA, DUBRY V STATE SUPRA. MR. BROWN TESTIFIED THAT HE WAS THE PERSON WHO DROVE TO THE CLUB THAT NIGHT AND FORGOT THAT HE HAD LEFT THE COCAINE IN THE CAR. MR. BROWN FURTHER TESTIFIED THAT MR. STATEN DID NOT KNOW THAT HE HAD LEFT THE COCAINE IN THE CAR. SEE SMITH V STATE 514 S.W.2d 749. (TEX. CRIM APP. 1974) LEXIS 1913 ALSO TRAVIS V STATE 638. S.W.2d 502 (TEX CRIM. APP. 1982) LEXIS 1037. THERE WAS NO EVIDENCE ON WHICH TO DRAW A REASONABLE INFERENCE THAT BECAUSE MR. STATEN HAD KEYS TO THE CAR AND SAT IN THE CAR THAT HE KNEW HE HAD CARE, CUSTODY CONTROL OR MANAGEMENT OVER COCAINE.

KNOWLEDGE OF THE COCAINE. MR. STATEN WAS NOT PRESENT WHEN OFFICER KELLER SAW THE SUBSTANCE IN THE CUP HOLDER. HE WAS HEADED BACK INSIDE THE CLUB. HE DID NOT IMMEDIATELY FLEE UPON THE ARRIVAL OF THE OFFICER BUT MERELY ATTEMPTED TO RE-PATRONIZE THE CLUB. THERE WAS NO ODOR OF COCAINE INSIDE THE CAR. MR. STATEN WAS NOT EXHIBITING ANY SIGNS OF BEING UNDER THE

INFLUENCE OF ANY DRUGS. MR STATEN HAD A LUCID DISCUSSION RE-GARDING THE OWNERSHIP OF THE CAR AND THE MONEY HE HAD. OFFICER SANCHEZ, SEARCH MR. STATEN AND DID NOT FIND ANY DRUGS, CO-CAINE OR WEAPONS ON HIM. OFFICER SANCHEZ TESTIFIED THAT MR STATEN DID NOT MAKE ANY FURTIVE GESTURES INSIDE THE CAR ON THE WAY TO THE CLUB OR INSIDE THE CLUB. MR. STATEN DID NOT ATTEMPT TO CONCEAL, HIDE OR SECRET ANY CONTRABAND FOUND IN CAR.

THE LACK OF ATTEMPT TO CONCEAL THE COCAINE REFLECTS THAT HE HAD NO KNOWLEDGE OF THE COCAINE PRESENT.

MR. STATEN ONLY AFTER BEING INFORMED THAT COCAINE WAS FOUND INSIDE THE CAR. IMMEDIATELY TOLD OFFICER SANCHEZ THAT THE CAR WAS NOT HIS AND THAT THE OWNER WAS INSIDE THE CLUB. NOTHING INDICATED THAT MR. STATEN PLACED THEM INSIDE THE CAR MIRIAM KANE. A CRIMINALIST WITH THE HOUSTON POLICE DEPARTMENT CRIME LAB TESTIFIED THAT SHE DID NOT TEST THE SCALE FOR THE PRESENCE OF COCAINE OR ANY OTHER CONTRABAND. SHE SAW RE-SIDUE RESEMBLING WHITE POWDER BUT THERE WAS NO EVIDENCE THAT THE RESIDUE WAS CONTRABAND OF ANY KIND NO EVIDENCE WAS PRODUCED THAT THE SCALE WERE IN FACT USED OR ATTEMPTED TO BE USE BY MR. STATEN TO KNOWINGLY ENGAGE IN POSSESSION OF COCAINE WITH INTENT TO DELIVER. "NO FINGERPRINTS" OR DNA EVIDENCE SHOW THAT MR. STATEN HANDLE THE SCALE OR USED THE SCALE OR HANDLE THE BAGGY WITH THE COCAINE. IN ANY MANNER

MR. STATEN ARGUES THE STATE'S EVIDENCE DID NOT EXCLUDE THE POSSIBILITY THAT THE FINGERPRINT'S IN QUESTION HAD BEEN PLACED ON THE BAGGY NEVERTHELESS, THE PRESENCE OF MR. STATEN FINGER-PRINTS ON THE BAGGY IS A FACTOR TO BE CONSIDERED IN SHOWING CONTROL OF THE COCAINE. SEE ALLEN U STATE 249 S.W.3d 697. (TEX. APP. 2008) LEXIS 1709. THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMEND-MENT REQUIRES EVERY STATE CRIMINAL CONVICTION TO BE SUP-PORTED BY EVIDENCE THAT A RATIONAL TRIER OF FACT COULD ACCEPT AS SUFFICIENT TO PROVE ALL THE ELEMENTS OF THE OFFENSE CHARGE BEYOND A REASONABLE DOUBT.

GROUND TWO - DEFENDANT ARGUES THAT APPEAL COUNSEL CITED TWO CASE TO SUPPORT HIS POSITION THAT THE EVIDENCE IS INSUFFICIENT. SEE MEMORADUM OPINION PG. (9).

IN ROBERSON U STATE 80 S.W.3d 703 (TEX. APP. - HOUSTON (1st DIST) 2002. PET RSF'd.) THE COURT FOUND THE EVIDENCE INSUFFICIENT TO SUPPORT A CONVICTION FOR POSSESSION OF COCAINE. THE

defendant was the driver of a vehicle that did not belong to him. Two passengers were with him. The officer had the occupants get out of the car at 733-734. Crack cocaine was found in the roadway of the passenger side of the car and on the passenger side floorboard. The officer found no contraband or weapon on the defendant. Id at 734. The court conclude that there were insufficient links to convict the defendant because the defendant was not under the influence of drug, had no contraband on his person no odor of cocaine was in the car and no statement by the passengers connected the defendant to the drugs. Although unlike Roberson. Cocaine was found in the cup holder near where Mr. Staten sat. Appellant was not sufficiently connected to the cocaine based on any circumstance indicating he knew of the contrahand's presence.

In Hettcel v State 583 S.W. 2d 791, 792 (Tex. Crim. App. 1979) the court found insufficient link to connect the defendant on the contraband. The defendant in Hettcel was the driver along with two passengers stopped by the police. The officer noticed that the passengers were nervous and the backseat passenger feigned sleep. On the seat where the backseat was lying the officer discovered two bricks of marijuana. The defendant made no furtive gestures, was not nervous and had no contraband on him. There was no proof he knowingly possessed the contraband. The court found, insufficient link between the defendant and the contraband.

In this case Mr. Staten was not nervous, made no furtive gestures and had no contraband on him. There was no proof he knowingly possessed the crack cocaine in the cup holder.

Wiersing v State 571 S.W. 2d 188 (Tex. Crim App. 1978) Lexis 1299. The court reversed the judgment revoking the probation because the evidence was insufficient to show that appellant possessed marihuana. The court found no evidence linking appellant to the drugs except his proximity in the car to where the marihuana was found and a passenger claimed ownership of the drugs

In this case Mr. Staten was not the owner of the car and the baggy with cocaine sat in the cup holder and it's proximity made it easily accessible to Mr. Staten and Mr. Mc lean. Mr. brown testified it was his car and that he drove

To the club that night and forgot that he had left the cocaine in the car. Mr. Brown further testified that Mr. Staten did not know that he had left the cocaine in the car. Notwithstanding that in this case, unlike Wiersing found no evidence linking appellant to the drugs except his proximity in the car where the cocaine was found and passenger claimed ownership of the drugs.

However, mere proximity to contraband is not sufficient to prove the element of knowing possession.

Fundamentally, the goal of the analysis of the link is to "protect a (person) from conviction merely because of his fortuitous proximity to someone else's drug" Evan 202 S.W. 3d. at 735. The number of link present is not as important as the "logical force" they create to prove that an offense was committed Wiersing 571 SW2d. at 188. Here the link are not of a logical force to support Mr. Staten's conviction.

## PRAYER FOR RELIEF

This petition should be granted. The evidence seized following insufficient evidence to support a conviction for possession of cocaine should be reversed and judgment of acquittal.

The error in the charge for possession case should be corrected for all future case. Petitioner also request such other and further relief as is just.

RESPECTFULLY submitted

DEFENDANT PRO SE

SIMEON DESHON STATEN
T.D.C.J. NO 1889172
1620 FM. 3344
Jacksboro, Tex. 76458

# CERTIFICATE OF SERVICE

I, CERTIFY THAT A COPY OF THIS PETITION FOR DISCRETIONARY REVIEW WAS SERVE TO THE COURT OF CRIMINAL APPEALS, P.O. BOX 12308, AUSTIN, TEX. SENT BY FIRST-CLASS MAIL. ON OCT 5th OF 2015

_Simeon Staten_

DEFENDANT PRO SE
SIMEON DESHON STATEN
T. D. C. J. NO. 18891722
lindsey state Jail
1620 FM. 3344
Jacksboro, TX. 76458

**Affirmed and Memorandum Opinion filed September 10, 2015.**



In The

# ﬀourteenth Court of Appeals

---

## NO. 14-13-01041-CR

---

### SIMEON DESHON STATEN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1374615**

---

## MEMORANDUM   OPINION

Appellant Simeon Deshon Staten was convicted of possession with intent to deliver more than four but less than 200 grams of cocaine. Appellant pled true to two enhancement paragraphs, and the State recommended punishment be assessed at twenty-five years in prison. The trial court accepted the recommendation and sentenced appellant to confinement in the Correctional Institutions Division of the Texas Department of Criminal Justice for twenty-five years.

In a single issue, appellant contends the evidence is legally insufficient for a rational juror to conclude beyond a reasonable doubt that he knowingly possessed cocaine. Appellant makes two related arguments to support this assertion. First, he argues that the evidence is legally insufficient to support the finding that he exercised control, management, or care over the cocaine. Second, he argues that the evidence is legally insufficient to support the finding that he had knowledge of the cocaine. We hold the evidence is legally sufficient for a rational juror to find beyond a reasonable doubt that appellant unlawfully possessed a controlled substance. We therefore affirm the trial court's judgment.

## BACKGROUND

Officer Ralph Keller of the Houston Police Department testified that at approximately 3:10 a.m. on January 21, 2013, he and Officer Francisco Sanchez pulled into the parking lot of the Moulin Rouge, a club in Harris County. When the officers pulled into the parking lot, they saw two people sitting inside a parked Dodge Charger. Keller saw that the car had its windows rolled down and its parking lights on. The officers observed appellant sitting in the driver's seat and another person, later identified as Britton McLean, sitting in the passenger seat. Keller testified that he and Sanchez approached the car and noticed smoke coming from the direction of the car and smelled the odor of burnt marijuana coming from the car.

Keller asserted that as he and Sanchez approached, both occupants got out of the car. He noticed that the passenger got out of the car first and appellant got out of the car several seconds later. After both occupants had gotten out of the car, Keller approached the car and noticed a white chunky substance in a plastic bag in the cup holder of the center console. Keller then signaled to Officer Sanchez, who told the two occupants to stop and come back. Keller then searched the car. In

2

addition to the white chunky substance in the center console, he found a bag of marijuana, two scales, and a small capsule containing white powder, which was later identified as methylone. He found the marijuana, scales, and capsule on the floorboard of the driver's side. Keller also testified that he found mail in the glove box that was addressed to appellant. Keller said that he searched the passenger and found nothing on him, so he released him from the scene.

Officer Sanchez testified that after Keller signaled to him, he told the two individuals walking away from the car to stop and come back. The passenger immediately obeyed, turned around and walked back toward him, but appellant did not. Sanchez claims that he instructed appellant to come back six or seven times, but appellant went inside the club instead. Sanchez followed appellant inside the building, pulled his taser, and commanded appellant to come out, at which point appellant complied. Sanchez testified that he searched appellant and found $1,787.00 and the keys to the Dodge Charger. Sanchez gave the keys to Keller so that he could search the vehicle. Sanchez said that before the officers released the passenger from the scene, they instructed him to make an announcement inside the club to find the owner of the car and get him outside. Sanchez asserted that no one came out claiming to own the car, so he and Keller had the car towed.

Appellant was charged with possession of a controlled substance (PCS) with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112(d) (West 2010). Officer Sanchez testified that while appellant was being processed into the jail, he asked the officers what he was being charged with. When the officers informed appellant of the charge, appellant asked if the officers could "charge him with just the PCS and not the intent."

A jury convicted appellant of possession of a controlled substance with intent to deliver. This appeal followed.

3

In his sole issue, appellant asserts the evidence is legally insufficient to support his conviction for two reasons. First, he contends that the state failed to prove appellant knowingly possessed cocaine in a car that he did not own. Second, he contends that the state failed to prove appellant knew cocaine was in the car. These two challenges address the element of the charged offense requiring unlawful possession of a controlled substance; they do not address the element of intent to deliver. We therefore examine whether there is legally sufficient evidence for a rational fact finder to conclude beyond a reasonable doubt that appellant knowingly possessed a controlled substance.

## I.    Standard of review and applicable law

We review the sufficiency of the evidence under standards set forth in *Jackson v. Virginia,* considering the evidence in the light most favorable to the verdict and determining whether a rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. 443 U.S. 307, 319 (1979).

When there is conflicting testimony, the "jury is the sole judge of the credibility of witnesses and the weight to be given to their testimonies, and the reviewing court must not usurp this role by substituting its own judgment for that of the jury." *Montgomery v. State,* 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). "To the extent the testimony is inconsistent, the jury as the trier of fact had the ultimate authority to determine the credibility of witnesses and the weight to be given to their testimony." *Herrero v. State,* 124 S.W.3d 827, 833 (Tex. App.— Houston [14th Dist.] 2003, no pet.).

"To prove unlawful possession of a controlled substance, the State must

4

prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Poindexter v. State,* 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). When, as here, the accused is not in exclusive possession of the place where the contraband is found, the record must contain additional facts and circumstances affirmatively linking the defendant to the contraband. *Id.* at 406. We thus consider appellant's arguments under the affirmative links test, which addresses both the element of control, management, or care and the element of knowledge of contraband. *Watson v. State,* 861 S.W.2d 410, 414 (Tex. App.—Beaumont 1993, pet. ref'd). "An affirmative link generates a reasonable inference that the accused knew of the contraband's existence and exercised control over it." *Haggerty v. State,* 429 S.W.3d 1, 6 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Affirmative links may include

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Evans v. State,* 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006).

"Notwithstanding the preceding laundry list of possible links, there is no set formula of facts that necessitate a finding of an affirmative link sufficient to

5

support an inference of knowing possession." *Hyett v. State,* 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (quoting *Porter v. State,* 873 S.W.3d 729, 732 (Tex. App.—Dallas 1994, pet. ref'd)). "Rather, affirmative links are established by a totality of the circumstances." *Id.* (citing *Sosa v. State,* 845 S.W.2d 479, 483-84 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd)).

## II.  There is legally sufficient evidence that appellant knew of the cocaine's existence and exercised control, management, or care over it.

Appellant argues that the state failed to prove he exercised control, management, or care over the cocaine and that he had knowledge of it. We disagree because a number of independent facts and circumstances link appellant to the cocaine in such a way that the jury could reasonably infer he had knowledge of the cocaine and exercised control over it. *See Roberts v. State,* 321 S.W.3d 545, 549 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Regarding factor 1 of the possible links listed in *Evans,* appellant was present when the search was conducted. Regarding factors 2 and 12, the cocaine was found in the cup holder of the center console and was therefore in plain view rather than an enclosed place. Regarding factor 3, appellant was observed sitting in the driver's seat and was therefore near the cocaine, which was easily accessible to him. The fact that the contraband was found in plain view, right next to the driver's seat where appellant was observed sitting, generates a reasonable inference that appellant knew that the cocaine was there. Regarding factor 10, other contraband was found in the car. The marijuana, scales, and methylone were found on the floorboard of the driver's seat where appellant had been sitting. Regarding factor 13, appellant was found with a large amount of cash on him.[1]

---

[1] Appellant was found with approximately $1,787 and argues that this is not a large amount. In *Chase v. State,* defendant "was in possession of between $350 and $400

When the officers asked appellant to stop walking away, he disobeyed them and went back inside the club instead, despite acknowledging that he had heard the officers' command. It took Officer Sanchez six or seven times to get appellant to obey his orders. Once he was told that he was being charged with possession of a controlled substance with intent to deliver, appellant requested the charge of "just the PCS and not the intent." This request could reasonably be inferred to constitute an incriminating statement (factor 6), and appellant's conduct throughout the sequence of events could reasonably be inferred to indicate a guilty conscience (factor 14).

Regarding factor 11, appellant argues that he did not own or have the right to possess the car where the drugs were found. This assertion stems from the conflicting testimony of witnesses Tennell Brown and Charles El. At trial, defense witness Brown testified that on the evening of January 20, 2013, he was driving a Dodge Charger that he had purchased one year earlier but had not yet titled in his name. Brown stated that he had picked up appellant and driven to the Moulin Rouge. Brown testified that once they were inside the club, appellant asked for the car keys so that he could get a cigarette out of the car. Brown claimed that that the drugs and scales found in the car belonged to him, but that he had not known they were in the car at the time and had not told appellant that the drugs were in the car.

The State called El, managing partner at Big State Auto and Truck Sales, to testify at trial. El testified that in January 2013, appellant came in to his dealership to purchase a 2006 Dodge Charger SRTA. El stated that appellant took the car for a test drive. Appellant said he would bring it right back but never returned. El

in cash." No. 03-06-00747-CR, 2009 WL 722253, at *1 (Tex. App.—Austin March 19, 2009, no pet.) (mem. op., not designated for publication). The court in *Chase* used this fact to establish factor 13 in *Evans,* concluding that the amount constituted "a large amount of cash." *Id.* at *3.

testified that he received a call from a storage lot a week-and-a-half later, reporting that the car had been towed there. According to El, the car smelled strongly of marijuana when he arrived at the storage lot. When presented with a picture of Brown's driver's license (Defense Exhibit 1), El claimed that he had never seen Brown before.

Though the Dodge Charger was not registered to appellant, the officers found the car keys on his person. The officers observed appellant sitting in the driver's seat. The officers found mail addressed to appellant in the vehicle's glove box. El testified that appellant recently had taken the Dodge Charger from his lot for a test drive and that he had never returned with the car. Though Brown's testimony conflicted with El's, the "jury is the sole judge of the credibility of witnesses and the weight to be given to their testimonies." *Montgomery*, 369 S.W.3d at 192. In a legal sufficiency challenge, "we resolve inconsistencies in the testimony in favor of the verdict." *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). Even though appellant was not the legal owner of the car, the evidence and testimony are sufficient for a rational juror to conclude that appellant exercised control, management, or care over the cocaine. "An analysis as to exclusive possession does not necessarily turn on ownership; rather, the crucial inquiry is who exercised 'actual care, custody, control, or management.'" *Haggerty*, 429 S.W.3d at 6.

*Evans* notes that "[i]t is not the number of links that is dispositive, but rather the logical force of all the evidence, direct and circumstantial." *Evans*, 202 S.W.3d at 162. Given the numerous facts that affirmatively link appellant to the cocaine, it was reasonable for the jury to conclude that appellant's "connection with the drug was more than fortuitous." *Evans*, 202 S.W.3d at 161.

Appellant relies on two cases to support his position that the evidence is

8

insufficient. We conclude that neither case shows that the evidence in this case is insufficient.

In *Roberson v. State*, the defendant was driving a car. 80 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). After he was pulled over, the defendant was cooperative and did not resist the officer at any time. The defendant was accompanied by two passengers, one in the passenger seat and one in the back seat. After the passenger in the front seat got out of the car, the trooper found cocaine on the roadway a few inches from the passenger side of the car and also on the passenger-side floorboard. The cocaine was not in plain view, nor was it proximate or accessible to the defendant driver. The court in *Roberson* concluded that the evidence was insufficient because other than "the fact that [the defendant] was the driver of a car later found to contain cocaine," there was "nothing else to link [him] to the cocaine." *Id.* at 742. In contrast, the evidence in this case showed that the cocaine was in plain view and accessible to appellant, who did not initially cooperate with officers.

In *Heltcel v. State*, the contraband was not in plain view, nor was it proximate or accessible to the defendant. 583 S.W.2d 791, 792 (Tex. Crim. App. [Panel Op.] 1979). The defendant was the driver, and "the marijuana found was in the back seat inside a paper bag which had been secreted under [a passenger]." *Id.* There was also "no evidence of a noticeable odor within the car and no other contraband was found . . . in the car." *Id.* Based on that record, the Court of Criminal Appeals concluded there was insufficient evidence to affirmatively link the defendant to the contraband. *Id.* In our case, however, the cocaine was in plain view and accessible to appellant, there was an odor of marijuana, and other contraband was found on the floorboard of the driver's seat where appellant had been sitting.

9

The evidence in this case supports a reasonable inference that appellant exercised control, management, or care over the cocaine and that he knew the cocaine was inside the car. "The logical force of the combined pieces of circumstantial evidence in this case, coupled with reasonable inferences from them, is sufficient to establish, beyond a reasonable doubt, that appellant" knowingly possessed the cocaine. *Evans*, 202 S.W.3d at 166. We hold the evidence is therefore legally sufficient to support appellant's conviction. We overrule his sole issue.

## CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment.

/s/    J. Brett Busby
       Justice

Panel consists of Justices Jamison, Busby, and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).